NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

Michelle M. Chiongson (SBN 221740)
michelle.chiongson@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK

# THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ABRAHAM ATIYEH, an individual,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK'S COMPLAINT FOR:**<br><br>**1. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation ("Ameris" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff Ameris Bank ("Ameris" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with its principal place of business in the State of California, County of Orange.

2. Defendant Abraham Atiyeh ("Atiyeh" or "Defendant"), an individual, is and at all times relevant to this action was, a resident of the County of Northampton, State of Pennsylvania and was an officer, director, shareholder, agent and/or owner of Whitehall Manor, Inc. ("Whitehall"). Based on information and belief, including the Driver's License submitted by Atiyeh, Atiyeh is domiciled in Bethlehem, PA 18020. Thus, Atiyeh is a citizen of the State of Pennsylvania.

3.     The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

4.     Pursuant to the Equipment Financing Agreement and Guaranty described herein below, defendant Atiyeh agreed those agreements would be governed by the laws of the State of California.  In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **GENERAL. This Agreement will be governed and construed under the laws of the State of California**…**You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

5.     Jurisdiction.  This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

1

6.    Specifically, as described above, Ameris is a citizen of the States of Georgia and California and Atiyeh is a citizen of the State of Pennsylvania. As such, Atiyeh is not a citizen of California or Georgia, and there exists complete diversity of citizenship between Ameris and Atiyeh.  Lastly, as alleged herein, the amount in controversy exceeds $75,000.

7.    Venue.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

8.    All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange.  The transactions at issue in this action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION

### (Breach of Personal Guaranty)

### (Against Atiyeh)

9.    Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10.    Prior to April 2025, Ameris is informed and believes that Whitehall initiated and engaged with Securitas Healthcare LLC located at 4600 Vine Street, Omaha, NE 68503 ("Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business.  The Equipment Vendor worked with Whitehall in the selection of the Collateral and in coordinating its delivery.

11.    Thereafter, Ameris is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Whitehall's electronic credit application to Ameris and other financial institutions. Upon review, Whitehall concluded that Ameris offered agreeable terms to finance the Collateral commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Ameris the requisite signatories, documentation and

2

Salisian LLP

financial information from Whitehall to finance the Collateral being supplied by the Equipment Vendor.

12.    On or about April 8, 2025, Whitehall executed a certain written Equipment Financing Agreement No. 524994-000 (the "EFA"), under the terms of which Ameris loaned to Whitehall the principal sum of One-Hundred Forty-Four Thousand One-Hundred Forty-Five Dollars and Twenty-Six Cents ($144,145.26) in order to finance the Collateral for its business.  The EFA required Whitehall to make sixty (60) monthly payments of $2,927.84, payable on the 27th day of each month beginning June 27, 2025.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

13.    The last payment received by Balboa was credited toward the monthly payment due for January 27, 2026. Therefore, on or about February 27, 2026, Whitehall breached the EFA by failing to make the monthly payment due on that date.  Whitehall's failure to make timely payments is a default under the terms of the EFA.

14.    In accordance with the EFA, and as a proximate result of Whitehall's default thereunder, Ameris declared the entire balance of payments under the EFA to be immediately due and payable to Ameris.  Therefore, there became due the sum of $149,319.84.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Whitehall.

15.    Ameris has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Whitehall.

16.    Concurrently with the execution of the EFA, and in order to induce Ameris to enter into the EFA with Whitehall, Defendant Atiyeh guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Ameris under the terms of the EFA.  A true and correct copy of the written Personal

3

Salisian

Guaranty signed by Atiyeh (the "Guaranty") is attached as **Exhibit A** (Page 1) and incorporated herein by reference.

17.   Ameris has performed all the terms, conditions, and covenants required to be performed by Ameris under the terms of the Guaranty, except as excused or prevented by the conduct of Atiyeh.

18.   Following a default of Whitehall under the terms of the EFA, Ameris demanded Atiyeh make the payments required under the EFA.  Atiyeh failed to meet the Guaranty obligations and make the payments required under the EFA.

19.   As a proximate result of Atiyeh's breach of the Guaranty, Ameris has been damaged in the total sum of $149,319.84, plus prejudgment interest from February 27, 2026, until the entry of judgment herein.

20.   Pursuant to the terms of the Guaranty, the sum of $149,319.84, plus prejudgment interest from February 27, 2026, is due and payable to Ameris from Atiyeh.  This Complaint, in addition to previous demands, shall constitute further demand upon Atiyeh to pay the entire indebtedness due and owing from Whitehall to Ameris under the terms of the EFA.

21.   Under the terms of the Guaranty, Atiyeh promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of the EFA and the Guaranty.  Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs as against Atiyeh.

22.   The EFA also provides Ameris the remedy of possession of the Collateral and to obtain an order that Ameris may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Ameris is entitled to recover the value of the Collateral.

4

Salisian LLP

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

**On All Causes of Action:**

1.     The sum of $149,319.84;

2.     Prejudgment interest from February 27, 2026, to the date of entry of judgment;

3.     An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

4.     Reasonable attorneys' fees and costs;

5.     Costs of suit as provided by law; and

6.     Such other and further relief that the Court considers proper.


DATED:   June 4, 2026                              SALISIAN LLP

                                                   By: _____
                                                       Neal S. Salisian
                                                       Jared T. Densen
                                                       Patty W. Chen

                                                   Attorneys for Plaintiff
                                                   AMERIS BANK

5

COMPLAINT